IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELIA F. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    12-1040 |
| | ) | JURY TRIAL DEMANDED |
| PATRICK R. DONAHOE, in his official | ) | |
| capacity as Postmaster General of the | ) | |
| United States Postal Service, and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1.      This is an employment discrimination and sexual harassment action seeking relief as authorized by Title VII of the Civil Rights Act of 1964, codified at 42. U.S.C. § 2000(e) *et. seq.* (herein "Title VII")

### II.  JURISDICTION

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000(e-5)(f)(3) and 42 U.S.C. § 1988.  All of the actions complained of herein occurred in Chester County, Tennessee, within the jurisdiction and venue of this Court.

### III.  PARTIES

3.      Plaintiff was at all time relevant to this action, a United States Postal Service ("USPS") employee.  At all times material to this action, Ms. Ward was an "employee" of the

1

USPS and a federal employee with the meaning of 42 U.S.C. § 2000e (f) and 42 U.S.C. §§2000e-16(a).

4.      Patrick R. Donahoe is the Postmaster General of the United States.   He is sued in his official capacity as the head of the United States Postal Service pursuant to 42 U.S.C. §2000e-16(c).

5.      The United States Postal Service ("USPS") is an independent establishment of the executive branch of the United States Government and is an individual for purposes of this action.

6.      At all times relevant to this action, the USPS was Ms. Ward's "employer" within the meaning of 42 U.S.C. § 2000e (b) and 42 U.S.C. §2000 e-16(a).

## IV.   EXHAUSTION OF REMEDIES

7.      More that 180 days prior to instituting this action, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission and no final action has been taken by the agency.

## V.   FACTS

8.      Plaintiff began working for the Postal Service at the post office in Henderson, Tennessee as a sales, service, and distribution associate on September 12, 2007.   Shortly after she began working there, a fellow employee, James Sanders, (herein "Sanders") began making inappropriate sexual comments to her on a daily basis.   He would make comments about the size of his sexual organ and describe to her sexual acts that he wanted to perform with her.   He also touched her inappropriately in a sexual manner on more than one occasion.

9.      Plaintiff put up with the sexual harassment for as long as she could because she felt like she might jeopardize her job by filing a complaint, but on or about November 30, 2007,

2

she reported Sander's sexual harassment to Postmaster Gallian Fulton (herein "Fulton").

10.     Plaintiff asked Fulton at that time if she could be separated from Sanders, but Fulton continued to have them work together after that, even scheduling them to come in together early in the morning when they would be alone in the building together.

11.     On December 6, 2007, Fulton had Steven Law (herein "Law"), a supervisor from Trenton, Tennessee, come in to question Ms. Ward about her claims.  Following that meeting, Fulton asked Ms. Ward if she would like to move to a new location to work.  She replied she would like to continue working in Henderson and thought that Sanders should be the one to move, since he had harassed her.

12.     Ms. Ward did not work for the next few days following her interview with Law. Her next day back at work was December 12, 2007, at which time Fulton told her he was terminating her for "unacceptable performance" during her 90 day probationary period. Plaintiff avers that she was terminated from her employment with the Defendant in retaliation for having exercised her rights under Title VII by reporting Sander's sexual harassment.

13.     Plaintiff avers that the above acts constitute illegal sexual harassment, discrimination, and retaliation and violated her rights under Title VII.

14.     These unlawful employment practices caused Plaintiff to suffer severe emotional distress, humiliation, and embarrassment.

15.     The unlawful employment practices complained of in Paragraphs 6 through 10 above were intentional.

16.     The unlawful employment practices complained of above were done with malice or with reckless indifference.

3

## VI.   DAMAGES

17.     The unlawful employment practices complained of herein caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience and embarrassment, as well as the loss of pay and the benefits of employment, and she has had to retain legal counsel to defend and prosecute her rights.

18.     The unlawful employment practices complained of herein were willful, malicious, intentional and/or done with reckless indifference to Plaintiff's employment rights protected by Title VII.

## VII.   PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the court:

a.      Declare Defendant's practices as complained of herein to be in violation of Title VII;

b.      Grant Plaintiff an injunction prohibiting Defendant, its agents, employees, and successors from further discriminating or retaliating against her on account of her sex and for exercising her rights under Title VII;

c.      Grant Plaintiff an order requiring Defendant to make her whole by appropriate back pay, front pay, and all other benefits of employment lost as a result of the actions complained of herein;

d.      Grant Plaintiff any compensatory and/or punitive damages to which she is entitled to under the above Title VII, including but not limited to, damages for her severe embarrassment, humiliation, and emotional distress;

e.      Grant Plaintiff a trial by jury;

f.      Grant Plaintiff her costs incurred herein, including a reasonable attorney's

4

fee, pursuant to 42 U.S.C. § 1988;

       g.    Grant Plaintiff such other further relief both general and specific as the court

deems necessary and proper in this case.

      Respectfully submitted,

      WEINMAN & ASSOCIATES


       /s/ Michael L. Weinman

      Michael L. Weinman (#15074)
      *Attorney for Plaintiff*
      112 S. Liberty Street
      P. O. Box 266
      Jackson, TN 38302
      (731) 423-5565
      mike@weinmanandassoc.com